IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHARON KERR                                                                        PLAINTIFF

v.                          CIVIL NO. 05-5169

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                               DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Sharon Kerr brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on August 29, 2001, alleging an inability to work since February 2, 2001, due to hypertensive cardiovascular disease, essential hypertension, chronic obstructive pulmonary disease and depression. (Tr. 59-61, 223-225). An administrative hearing was held on September 17, 2002. (Tr. 366-429). On May 7, 2003, the ALJ issued an unfavorable decision. (Tr. 236-243).

Plaintiff requested a review of the ALJ's decision by the Appeals Council. On June 26, 2003, the Appeals Council vacated the May 7, 2003, hearing decision and remanded that case back to an ALJ to more fully develop the record. (Tr. 263-266).

A supplemental hearing was held on January 15, 2004, at which plaintiff was present and represented by counsel. (Tr. 430-480).

By written decision dated May 19, 2004, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 30). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 30). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform the exertional requirements of a full range of light exertion level activities. (Tr. 30). More specifically, the ALJ found plaintiff could lift and carry up to ten pounds frequently, twenty pounds occasionally; could push and pull ten pounds frequently, twenty pounds occasionally; could stand and walk up to six hours out of an eight-hour workday; could sit for two hours out of an eight-hour workday; and could occasionally stoop and crouch. (Tr. 30). The ALJ further found plaintiff could have occasional exposure to dust, fumes and pollutants. From a mental standpoint, the ALJ found plaintiff is able to perform simple one-two step tasks where there is only incidental contact with the general public, as well as, co-workers. With the help of vocational expert testimony, the ALJ found plaintiff would be able to perform work as an assembler and a packager. (Tr. 31).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on August 11, 2005. (Tr. 6-8). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties submitted appeal briefs and this case is before the undersigned for report and recommendation. (Doc. # 6-7).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

3

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**Discussion:**

In the present case, the undersigned is particularly trouble by the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual

4

functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id.*

The ALJ determined plaintiff's hypertensive cardiovascular disease, essential hypertension and chronic obstructive pulmonary disease were severe impairments. The ALJ then found plaintiff maintained the RFC to perform light work that required simple one-two steps tasks with only incidental contact with the general public and co-workers. The ALJ further found plaintiff would need to avoid hazards and have only occasional exposure to dust, fumes and pollutants.

We are troubled by the ALJ's physical RFC findings. On September 11, 2002, Dr. Charles W. Inlow, a cardiologist, completed a medical source statement indicating plaintiff could lift and carry less than ten pounds, could push and/or pull less than ten pounds; could stand and/or walk for a total of two hours in an eight-hour workday, for thirty minutes continuously; could sit for a total of four hours in an eight-hour workday, for one hour continuously; could never climb, balance or stoop but could occasionally kneel crouch and bend; and had limitations with reaching. (Tr. 206-207). Dr. Inlow further opined that plaintiff should be restricted from working around dust, fumes and temperature extremes. He also opined plaintiff would miss more than three days of work a month. (Tr. 208). Dr. Inlow based this assessment on his observations and the results of a cardiac catheterization performed on September 5, 2002, which documents severe pulmonary hypertension, hypertensive cardiovascular disease and chronic heart failure.

5

(Tr. 184-186). Dr. Inlow saw plaintiff for follow-up appointments on September 25, 2002, and on November 20, 2002. (Tr. 221, 335). Plaintiff reported that she was unable to continue to see Dr. Inlow on a more regular basis due to the lack of funds. (Tr. 361).

In determining the RFC, the ALJ did not discuss in detail his reasoning for discounting Dr. Inlow's opinion, rather he simply listed the statement in his recitation of the medical evidence. We note, whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must "always give good reasons" for the particular weight given to a treating physician's evaluation. 20 C.F.R § 404.1527(d)(2); *see also* SSR 96-2p; *See Prosch v. Apfel,* 201 F.3d at 1010, 1012-13 (8th Cir. 2000); *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 730 (8th Cir. 2003) (holding that a treating physician's opinion is generally entitled to substantial weight). The ALJ is also encouraged to give more weight to the opinion of a specialist about medical issues related to his or her area of speciality than to the opinion of a source who is not a specialist. *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000). Further, while there is a RFC assessment completed by a non-examining medical consultant opining plaintiff is able to perform a full range of light work, this assessment was completed in October of 2001, over one year prior to plaintiff's cardiac catheterization results indicating a diagnosis of hypertensive cardiovascular disease and pulmonary hypertension. After reviewing the entire evidence of record, we do not find substantial evidence to support the ALJ's RFC determination.

Based on the above discussion, we believe remand is warranted so that the ALJ can more fully and fairly develop the record. On remand, the ALJ is directed to adequately discuss Dr. Inlow's medical source statement. If needed, the ALJ should direct interrogatories to Dr. Inlow

AO72A
(Rev. 8/82)

with any questions he may have about the assessment. The ALJ should also address interrogatories to the remaining physicians who have evaluated and/or treated asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). The ALJ may also order a consultative exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform a physical examination and appropriate testing needed to properly diagnosis plaintiff's condition and level of pain, and complete a medical assessment of plaintiff's ability to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.915.

We further note that the medical evidence is also somewhat ambiguous with regard to plaintiff's mental limitations and her mental RFC. On remand the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff asking the physicians to review plaintiff's medical records and complete a mental RFC assessment regarding plaintiff's capabilities during the time period in question. If further development of the record on the issue of plaintiff's mental RFC is necessary, the ALJ may also order a consultative mental exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's mental abilities to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.915.

7

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence, such as limitations in sitting, standing and using her extremities.

Finally, on remand, we strongly suggest that the ALJ address plaintiff's allegations of the lack of finances to obtain treatment.

## Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of August 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)